UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOHAMMED JAVED,<br><br>    Plaintiff,<br><br>v.<br><br>FAIRLIFE LLC,<br><br>    Defendant. | Case No. 21-cv-04182-JD<br><br>**ORDER RE MOTION TO DISMISS AND VACATING CASE MANAGEMENT CONFERENCE**<br><br>Re: Dkt. No. 28 |

    Defendant Fairlife LLC's motion to dismiss this consumer deception case under Rules 12(b)(1) and 12(b)(6), Dkt. No. 28, is suitable for decision without oral argument. Civil L.R. 7-1(b). The parties' familiarity with the record is assumed, and the motion is denied. The hearing set for January 13, 2022, is vacated.

    Fairlife's main argument for dismissal is that plaintiff Mohammed Javed has not plausibly alleged that he was misled by Fairlife's marketing and advertising representations. Dkt. No. 28 at 8-14. In Fairlife's view, Javed's first amended complaint (FAC) "offers no plausible facts to suggest that reasonable consumers interpret the words 'Vanilla' and 'Natural Flavor' or related imagery to mean anything other than that Core Power (i) has a vanilla flavor and (ii) contains natural flavors," both of which representations "are true." *Id*. at 14.

    The argument is not well taken for several reasons. To start, the FAC alleges specific facts about Fairlife's use of the words "Vanilla" and "Natural Flavors" in large print on its Core Power protein shake label. Dkt. No. 27 (FAC) ¶ 2. The label also features vivid images of "vanilla beans and vanilla flowers," which "wrap around the base of the product, so consumers see it from all angles and rotations." *Id*. ¶¶ 3-4. On the basis of these and other factual allegations, the FAC plausibly alleges that "[c]onsumers who view the[se] front label statements of 'Vanilla' and 'Natural Flavors,' and pictures of vanilla beans and vanilla flowers" reasonably expect that "the

1   predominant or exclusive source of the product's vanilla taste will be the natural flavor of vanilla."
2   *Id*. ¶ 14.  Javid says that he personally "sought to purchase a product that got its vanilla taste
3   mainly from vanilla beans." *Id*. ¶ 44.

4         The FAC also alleges that "[s]cientific testing of the product in 2020 revealed that (1) the
5   flavoring is mainly from ingredients other than the vanilla beans pictured on the label, (2) the
6   amount of flavoring from the vanilla plant is negligible, and (3) the vanilla flavoring mainly
7   comes from added vanillin, detected at 33.045 parts per million ('PPM')." *Id*. ¶ 17.  The FAC
8   specifically alleges that the vanillin in the Core Power product must "mostly [derive] not from the
9   vanilla plant" because of "(1) its relatively high level, (2) the absence of key aromatic compounds
10  -- methyl cinnamate, p-cresol, acetovanillone, p-hydroxybenzoic acid, vanillic acid, and 4-
11  methoxybenzyl alcohol (p-anisyl alcohol), and (3) the detection of guaiacol at atypically elevated
12  levels (0.11 PPM), not explained by relation to any other compounds." *Id*. ¶ 18.

13        Overall, this is enough for the case to go forward.  The allegations in the FAC are factual
14  and straightforward, and establish that Javid "'could plausibly prove that a reasonable consumer
15  would be deceived by' the [Core Power products'] packaging." *Milan v. Clif Bar & Co.*, No. 18-
16  cv-02354-JD, 2019 WL 3934918, at *2 (N.D. Cal. Aug. 20, 2019) (quoting *Williams v. Gerber*
17  *Products Co.*, 552 F.3d 934, 938 (9th Cir. 2008)).  "[W]hether a business practice is deceptive [is]
18  usually a question of fact not appropriate for decision" on a pleadings motion, and the
19  circumstances here do not amount to the "rare situation in which granting a motion to dismiss is
20  appropriate." *Williams*, 552 F.3d at 938-39.  Fairlife's challenge to Javed's unjust enrichment
21  claim, which it challenged only as "derivative of [Javed's] deceptive-labeling claims," is
22  unavailing for the same reasons.  Dkt. No. 28 at 15.

23        Fairlife's suggestion that Javed lacks standing to seek injunctive relief is also rejected.  *Id*.
24  "Knowledge that [an] advertisement or label was false in the past does not equate to knowledge
25  that it will remain false in the future." *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 969 (9th
26  Cir. 2018).  Javed has adequately alleged that he "tries to consume foods that are flavored only or
27  mainly by their characterizing ingredients, or at a minimum, only with natural flavors," and that he
28

United States District Court
Northern District of California

1  "would buy the product again if assured it was flavored mainly by the natural flavor of vanilla
2  instead of non-vanilla flavoring and artificial flavoring." FAC ¶¶ 58-59.
3       The motion to dismiss is denied *in toto*. The case management conference set for January
4  13, 2022, is also vacated, and the parties are directed to file by January 31, 2022, a jointly
5  proposed case schedule with firm dates.
6       **IT IS SO ORDERED.**
7  Dated: January 12, 2022

JAMES DONATO
United States District Judge